UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 16-20529-CIV-MARTINEZ-GOODMAN

ACCESS PICTURES, LLC,

    Plaintiff,

vs.

SONY PICTURES HOME
ENTERTAINMENT INC.,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO COMPEL MEDIATION CONFERENCE**

Plaintiff, ACCESS PICTURES, LLC (referred to hereinafter as "Plaintiff" or "Access Pictures"), by and through its undersigned counsel, hereby moves this Court for entry of its Order compelling SONY PICTURES HOME ENTERTAINMENT ("SPHE") to participate in a global mediation conference proceeding in State Court. As good grounds therefor would show that:

1. This matter commenced in State Court, ancillary to other proceedings pending in the 11th Judicial Circuit in and for Miami-Dade County, Florida. Therein, Plaintiff has a pending action against NORMAN "CESS" SILVERA ("Silvera"), SHOTTAS PRODUCTIONS (Florida), LLC ("Shottas Productions FL"), SHOTTAS 2, LLC ("Shottas 2") (collectively, the "State Court Defendants").

2. Previously, the case was brought by Richard Effs ("Effs") individually and, during that timeframe SPHE was able to obtain summary judgment against Effs based on statute of limitations. After summary judgment was granted as to all Defendants, the State Court granted Plaintiff's Motion for Leave to Amend to add indispensable party, Access Pictures, LLC.

3.	Thus, in January 2016, shortly after the Motion to Amend the Complaint was granted, Access Pictures sought to sue SPHE on the understanding that the prior action against SPHE, by Effs personally, was ineffective, but that a Complaint by Access Pictures would be more factually and procedurally appropriate. Also, given the current License Agreement SPHE has with Silvera, a declaratory action seeking determination of the true ownership of the first "Shottas" movie is necessary.

4.	When undersigned counsel filed the declaratory judgment against SPHE, it was always her intention to transfer and consolidate the cases since the State Court action involves the same Defendants and all injuries arose from the same transactions, occurrences and aiding and abetting claims.

5.	SPHE promptly removed the case to Federal Court. After discovery was conducted in early 2016, undersigned counsel realized that Soul Rebel Experience and Mr. Silvera personally needed to be added as Defendants in this action.

6.	Plaintiff filed a Motion for Leave to Amend the Complaint [D.E. 47] which was referred to a Magistrate [D.E. 57] who has issued a Report and Recommendations [D.E. 64] and Plaintiff has objected to the findings in that Report [D.E. 67].

7.	While both cases were pending in the summer of 2016, Plaintiff learned that the State Court Defendants, in furtherance of their usurpation of Access Pictures' corporate opportunity, commenced the filming of the "Top Shottas" television series rendition of the "Shottas" movie, under a new entity, SOUL REBEL XPERIENCE, LLC ("SRX").

8.	About late May/early June, 2018, Access Pictures learned that on December 26, 2017, the State Court Defendants have now been sued by SRX's former Managing Member, Michael Wekerle. See, Wekerle v. Silvera, et al., Case No. 17-29646-CA-01 (the "Wekerle Case").

9. Mr. Wekerle alleges that Mr. Silvera approached him sometime in 2014 with the business proposition of needing financing for the filming and production of "Shottas 2." In exchange for providing financing, Mr. Silvera offered Mr. Wekerle equal membership in to-be-formed limited liability companies. Mr. Wekerle alleges that Mr. Silvera defrauded him out of more than Five Million Dollars. *See*, Wekerle Complaint at Exhibit "A."

10. Exactly what Plaintiff had feared, and had been trying to prevent by seeking leave to add critical, indispensable parties [Doc. 23, 47], had happened once again – Mr. Silvera was continuing to utilize the "Shottas" brand to fraudulently induce investors into funding his and his family's lifestyle.

11. Mr. Silvera and his companies received in excess of Five Million Dollars ($5,000,000.00) for the Shottas brand but still failed to pay debts Access Pictures incurred for the original "Shottas" movie. Access Pictures is entitled to Access Pictures, LLC is entitled to the funds its President, Mr. Silvera, received from Mr. Wekerle between 2014 and 2017.

12. On August 13, the parties in the Wekerle Case were ordered to mediation within forty-five (45) days, no later than September 27. *See*, *Ore Tenus* Order Granting Motion to Mediate at Exhibit "B."

13. On August 29, the Court in the State Court case ordered the parties to mediate within thirty (30) days. *See*, Exhibit "C."

14. Plaintiff asserts that since the same Defendants are now required to mediate on substantially similar issues in the Wekerle Case, since counsel for Wekerle has no objection to Plaintiff participating in said mediation, Plaintiff requests that SPHE also be required to participate in the mediation.

15. If mediation conferences continue to proceed independently, the resolution of one matter over another will have a devastating effect on the rights of the other parties. Resolution of the State Court and Wekerle cases, absent participation from SPHE, will put SPHE at risk of further litigation by either of the parties in the cases below. Further, Plaintiff herein will be extremely prejudiced if SPHE is not ordered to participate in a global mediation conference which includes all parties to the above-referenced cases.

### CERTIFICATE OF COMPLIANCE WITH SOUTHERN DISTRICT OF FLORIDA PRE-FILING CONFERENCE REQUIREMENT

**I HEREBY CERTIFY**, in accordance with Southern District of Florida Local Rule 7.1(a)(3), that I conferred with Kathleen Hallinan, Esq., General Counsel for SPHE, and Ms. Hallinan is in agreement with SPHE participating in the mediation conference in the State Court Action; however, Ms. Hallinan requests this Court's permission to participate by telephone.

**WHEREFORE**, Plaintiff moves this Court for entry of its Order compelling the parties herein to mediation within thirty (30) days of this Court's Order, allowing Ms. Hallinan to participate by telephone, and for any other relief which this Court considers just and equitable.

Respectfully submitted,

By: /s/ Kadisha D. Phelps
**Kadisha D. Phelps, Esquire**
Florida Bar No. 33635

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via Regular U.S. Mail to all parties who are not on the list to receive e-mail notification/service for this case on this 31st day of August, 2018.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-I (A).*

SWEETAPPLE, BROEKER & VARKAS, P.L.
**Kadisha D. Phelps, Esq**.
Kadisha@broekerlaw.com
44 W. Flagler Street, Suite 1500
Miami, Florida 33130
Tel.: 305-374-5623/Fax: 305-358-1023

By:   /s/ Kadisha D. Phelps
**Kadisha D. Phelps, Esquire**
Florida Bar No. 33635